20-2467-cr
United States v. Fernandez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                   No. 20-2467-cr

JUAN FERNANDEZ, AKA SEALED DEFENDANT 1,
AKA TITO,

*Defendant-Appellant*.*

---

* The Clerk of Court is directed to amend the caption as set forth above.

```
----------------------------------------------------------------
FOR DEFENDANT-APPELLANT:          Valerie A. Gotlib, Gotlib Law,
                                  PLLC, New York, NY


FOR APPELLEE:                     Kimberly J. Ravener, Anna M.
                                  Skotko, Assistant United States
                                  Attorneys, *for* Audrey Strauss,
                                  United States Attorney for the
                                  Southern District of New York,
                                  New York, NY
```

Appeal from an order of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Juan Fernandez appeals from a July 17, 2020 order of the District Court (Furman, J.) denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  In 2014 the District Court sentenced Fernandez principally to a 195-month term of imprisonment for conspiring to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, as well as for possessing a firearm during and in relation to that drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On June 25, 2020, Fernandez

2

moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his medical conditions put him at high risk of severe illness or death if he were to contract COVID-19. The District Court denied the motion. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

The compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), permits a defendant to bring a motion for a reduction in sentence, including release from prison, in federal district court after satisfying a statutory exhaustion requirement not at issue here. Before reducing the defendant's term of imprisonment, a district court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, a district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable" before granting a sentence reduction. Id. § 3582(c)(1)(A). "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

Here, the District Court found that extraordinary and compelling reasons

3

supported Fernandez's release. This appeal arises, however, because the District Court then considered the Section 3553(a) factors and concluded that they weighed against Fernandez's release at that time. Specifically, the District Court observed that Fernandez's crimes were serious, that he had minimized his culpability, and that he had already received a "significant downward variance from the Guidelines range." App'x 126–27. The District Court further pointed out that Fernandez had served only about half of a sentence with a fifteen-year mandatory minimum and that granting the motion for early release could create unwarranted sentencing disparities with similarly situated defendants. See 18 U.S.C. § 3553(a)(6). The District Court also noted the absence of any positive COVID-19 cases in Fernandez's correctional facility—Federal Correctional Institution Fort Dix–Low ("FCI Fort Dix–Low").

Fernandez asserts that the District Court erred in two ways.

First, he argues that the District Court erred in concluding that FCI Fort Dix–Low was safe because there were "no positive cases" of COVID-19 in the facility. He claims that the "no positive cases" statistic really reflected the Bureau of Prison's insufficient testing of inmates at that time. But the District Court

4

clearly understood that the lack of "positive cases" did not necessarily mean there were no cases of COVID-19 at FCI Fort Dix–Low; after all, the District Court had before it Fernandez's explicit argument to that effect. In any event, the lack of confirmed cases was merely one factor upon which the District Court relied in denying the motion for compassionate release.[1]

Second, Fernandez argues that the District Court did not consider his post-sentencing rehabilitation. We are not persuaded. Fernandez's rehabilitation was thoroughly presented to the District Court, and there is no reason to think the District Court failed to consider it. See United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007). Although we recognize that the District Court's conclusion fell within the range of permissible decisions and was not an abuse of discretion, we nevertheless commend Fernandez's apparent good behavior and efforts at

---

[1] While this appeal was pending, the number of confirmed COVID-19 cases at FCI Fort Dix–Low increased significantly, and Fernandez sought an indicative ruling from the District Court pursuant to Rule 37(a) of the Federal Rules of Criminal Procedure based on changed circumstances. United States v. Fernandez, 12-CR-445-1, 2021 U.S. Dist. LEXIS 6425, *2–3 (S.D.N.Y. Jan. 13, 2021). The District Court noted that the increase in COVID-19 cases at the facility made the question of release "certainly closer." Id. at *3. Even so, the District Court denied the application because it determined that compassionate release was not warranted in view of other factors and after considering how early release would impact the aims of the original sentence. See id. at *4–5.

self-improvement while incarcerated.

We have considered Fernandez's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court